1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  LOGISTICAL SOLUTIONS, LLC.,

11       Plaintiff,                          Case No. 2:14-cv-01011-LDG (PAL)

12  v.                                       **ORDER**

13  FS SOLUTIONS,

14       Defendant.

15

16       The plaintiff, Logistical Solutions, LLC., filed suit against the defendant, Guzzler

17  Manufacturing, Inc., dba FS Solutions (erroneously named as FS Solutions).  Logistical

18  Solutions alleges it purchased a truck with a vacuum system from Guzzler, but that the

19  truck is defective.  Logistical Solutions alleges claims for breach of express warranties,

20  breach of implied warranties, breach of contract, and breach of the implied covenant of

21  good faith and fair dealing.  Guzzler moves to dismiss the latter three claims (#6), arguing

22  the second claim fails because the purchase agreement specifically excluded any implied

23  warranties, and the third and fourth claims fail because the agreement required claims to

24  be brought within one-year.  Logistical Solutions opposes the motion (#8).  Having read

25  and considered the pleadings, papers, and arguments of the parties, the Court will dismiss

26  the second claim but will otherwise deny the motion.

Motion to Dismiss

      The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party."  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

      However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true.  *Twombly*, 550 U.S. at 555.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

      To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the

1   mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the
2   pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  Rather, the factual
3   allegations must push the claim "across the line from conceivable to plausible." *Twombly*,
4   550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely
5   explained by lawful behavior, do not plausibly establish a claim.  *Id.* at 567.

6       <u>Breach of Implied Warranty</u>

7       In its second claim for relief, Logistical Solutions alleges that Guzzler breached its
8   implied warranties "by not providing a Truck that was merchantable and fit for its purpose."
9   Guzzler argues that the purchase agreement excluded implied warranties, and specifically
10  provided that this exclusion applied to "the implied warranties of fitness for a particular
11  purpose and merchantability."  Pursuant to Illinois law (which the agreement indicates
12  would govern disputes), the exclusion of the implied warranties of fitness for a particular
13  purpose and merchantability must be conspicuous, and the exclusion of an implied
14  warranty of merchantability must mention merchantability.

15      Logistical Solutions does not offer any argument in response to Guzzler's argument
16  that it is entitled to dismissal of the second claim for relief.  Logistical Solutions does not
17  contest that its agreement with Guzzler contained language excluding implied warranties,
18  that the language mentioned merchantability, and that the language was conspicuous.
19  "The failure of an opposing party to file points and authorities in response to any motion
20  shall constitute a consent to the granting of the motion." Local Rule, 7-2(d).  The lack of
21  any points and authorities in Logistical Solutions' opposition that are relevant to Guzzler's
22  arguments that the claim for breach of implied warranties should be dismissed constitutes
23  its consent to the dismissal of that claim.

24

25

26

1    <u>Breach of Contract, and Breach of Implied Covenant of Good Faith and Fair</u>

2    <u>Dealing.</u>

3    Guzzler argues, and Logistical Solutions does not dispute, that parties may agree to

4    reduce a limitations period for contract claims to one year.  Guzzler further argues, and

5    Logistical Solutions does not contest, that the purchase agreement expressly limited the

6    limitations period to one year, providing that "no action regardless of form, arising out of the

7    transactions of the [sic] agreement may be brought by Purchaser more than one year after

8    the cause of action has accrued."

9    Guzzler contends that Logistical Solution's claim–that Guzzler agreed to sell a new

10   truck, but the truck sold to Logistical Solutions was not new–accrued in July 2012.  Guzzler

11   notes that Logistical Solutions alleges, in its complaint, that it took possession of the truck

12   in Alabama on July 13, 2012, and discovered it was not new upon arrival in Las Vegas.

13   Guzzler argues that this discovery must have occurred in July 2012, and therefore the

14   limitations period expired in July 2013.  However, Logistical Solutions filed its claims in

15   February 2014.  Accordingly, Guzzler concludes that Logistical Solutions' third and fourth

16   claims are untimely and barred as filed outside the limitations period.

17   The argument fails because Logistical Solutions' claims against Guzzler do not, as

18   argued by Guzzler, rest solely upon the discovery, in July 2012, that the truck was not new.

19   Rather, Logistical Solutions also alleges that Guzzler breached its contract by "failing to

20   repair, replace, or adjust defects/malfunctions of the Truck. . . ."  Nothing in the complaint

21   compels the Court to conclude that the alleged failure to repair, replace, or adjust defects

22   or malfunctions of which Logistical Solutions complains accrued prior to February 27, 2013.

23   Accordingly, for good cause shown,

24   THE COURT **ORDERS** that Defendant's Motion to Dismiss (#6) is GRANTED in part

25   as follows: Plaintiff's Second Claim for Breach of Implied Warranties is DISMISSED;

26

4

THE COURT FURTHER **ORDERS** that Defendant's Motion to Dismiss is otherwise DENIED.

DATED this _____ day of March, 2015.

Lloyd D. George
United States District Judge